UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHAWN WILLIAM SHERMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:14-CV-1896 CAS |
| ) | |
| MARY EDWARDS-FEARS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court for review of plaintiff's amended complaint under 28 U.S.C. § 1915(e). Under 28 U.S.C. § 1915(e), the Court is required to review and dismiss the complaint if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. Having reviewed the allegations, the Court finds that the case must be dismissed.

Plaintiff brings this action against several police officers, state court judges, prosecutors, and public defenders. The state charged plaintiff with first degree assault in 2001, and a jury convicted him. See Sherman v. Bowersox, 4:10CV1912 SNLJ (E.D. Mo.) (habeas case). The court sentenced him to thirty years' imprisonment. Id. In his amended complaint, plaintiff alleges that his arrest, trial, and conviction were "illegal." He seeks release from imprisonment as well as monetary relief.

Plaintiff's claims are barred by the statute of limitations. "Although the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint under 28 U.S.C. § 1915[] when it is apparent the statute of limitations has run." Myers v. Vogal, 960 F.2d 750, 751 (8th Cir. 1992). Section 1983 claims are analogous to personal injury claims and are subject to Missouri's five-year statute of limitations. Sulik v.

Taney County, Mo., 393 F.3d 765, 766-67 (8th Cir. 2005); Mo. Rev. Stat. § 516.120(4). The limitations period ended several years ago. Therefore, the case is dismissed.

Additionally, the allegations are frivolous. Most of the defendants are immune from suit. See Penn v. United States, 335 F.3d 786, 789 (8th Cir. 2003) (judicial immunity); Brodnicki v. City of Omaha, 75 F.3d 1261, 1266 (8th Cir. 1996) (prosecutorial immunity); and Polk County v. Dodson, 454 U.S. 312, 325 (1981) (public defenders not state actors). The complaint is barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (barring § 1983 suit that implies a conviction is invalid). And plaintiff cannot challenge his conviction in a § 1983 suit; he can only do so in a petition for writ of habeas corpus. This Court denied his federal petition in 2012, and the Court of Appeals refused to issue him a certificate of appealability. Sherman v. Bowersox, 4:10CV1912 SNLJ.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

*[signature]*

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 5th day of February, 2015.