# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| SHAWN WILLIAM SHERMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14-CV-1896 CAS |
| | ) | |
| MARY EDWARDS-FEARS, et al., | ) | |
| | ) | |
| Defendants, | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for appointment of counsel. The Court dismissed this action on February 5, 2015. Even though plaintiff's motion was docketed after the Court dismissed this action, the motion is timely because, under the prison mailbox rule, the motion was filed on February 2, 2015, the date he placed it in the prison mail system.

There is no constitutional or statutory right to appointed counsel in civil cases. Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. See Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986); Nelson, 728 F.2d at 1005.

In this action, the Court dismissed the complaint because it was barred by the statute of limitations and because plaintiff sued defendants who are immune from suit, e.g., judges and

prosecutors. Therefore, the Court denies the motion for appointment of counsel because plaintiff has not presented non-frivolous supporting his prayer for relief.

Accordingly,

**IT IS HEREBY ORDRED** that plaintiff's motion for appointment of counsel is **DENIED.** [Doc. 14]

/s/ Charles A. Shaw
_____
**CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE**

Dated this 11th day of February, 2015.